UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CORNELIUS KENYATTA CRAIG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:19-cv-063-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MR. KIZZIAH, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Cornelius Craig, an inmate at the United States Penitentiary—McCreary ("USP-McCreary") in Pine Knot, Kentucky, has filed a civil rights complaint on the Court's standard complaint form alleging First Amendment claims, as well as a supplemental complaint alleging a violation of his Eighth Amendment rights. [R. 1; R. 6] While the Court will **DISMISS** Craig's First Amendment claims without prejudice, the Court finds that Craig's recently articulated Eighth Amendment claim **SURVIVES** the Court's preliminary screening.

Proceeding without an attorney, Cornelius Craig has filed a civil rights complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] Craig's complaint states that since December 8, 2017, when he first began serving time in USP-McCreary's Special Housing Unit ("the SHU"), he has been denied access to "newspapers, magazines and or unrestricted access to the courts." *Id.* at pp. 2. Craig goes on to affirmatively state that he did not file a grievance regarding the facts of his First Amendment claims under Bureau of Prisons regulations. *See id.* at pp. 4. When asked why he failed to file a grievance or otherwise exhaust his administrative remedies, the complaint simply

states that "Plaintiff did not pursue administrative remedies after being made aware of institutional SHU policies by Defendants and institutional staff." *Id.* at pp. 5.

Craig's more recently filed supplemental complaint sets forth an Eighth Amendment claim. [R. 6] Craig contends that, though he should be receiving recreation time five days a week for at least one hour a day and although he sometimes has been afforded this recreation time, he has been "consistently" denied the opportunity to exercise while serving time in the SHU. *Id.* at pp. 3. Unlike with respect to his First Amendment claims, Craig asserts that he did exhaust his administrative remedies with respect to this claim. *Id.* at pp. 2.

Under the terms of 28 U.S.C. §§ 1915 and 1915A, the Court conducts a preliminary screening of Craig's civil rights claims. Pursuant to the relevant statutes, the Court must dismiss Craig's complaint at any time if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). At this stage of the proceedings, the Court accepts Craig's factual allegations as true and liberally construes Craig's legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Under the terms of the Prison Litigation Reform Act, a prisoner may not bring a civil rights claim until he first exhausts his available administrative remedies. *See* 42 U.S.C. § 1997e(a). Ordinarily, a prisoner's failure to exhaust his administrative remedies is an affirmative defense that should not be raised by the Court *sua sponte*. *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 211-15 (2007). However, courts, including the Sixth Circuit Court of Appeals, have made clear that *sua sponte* dismissal may be appropriate if a prisoner's failure to exhaust is obvious from the face of the complaint. *See id.* at 215; *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("[A] court can dismiss a case prior to service on defendants for failure to state a claim predicated on

failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust."); *Barnett v. Laurel Cnty., Ky.*, No. 16-5658, 2017 WL 3402075 (6th Cir. Jan. 30, 2017).

In this case, Craig admits in his complaint that he did not exhaust his administrative remedies with respect to his First Amendment claims. [R. 1, at pp. 4-5] "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. Furthermore, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Court, therefore, will refrain from addressing the merits of Craig's First Amendment claims and will dismiss those claims without prejudice. If Craig wishes to pursue those claims in federal court, he should first pursue them via the Federal Bureau of Prisons' Inmate Grievance System and related appeals process. *See, e.g.*, 28 C.F.R. § 542.13, .14(a).

As for Craig's supplemental Eighth Amendment claim, the Sixth Circuit Court of Appeals has made clear that it "has never set a minimum amount of time a prisoner must have access to outdoor recreation." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003). Nevertheless, the Sixth Circuit has acknowledged that "a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees. Inmates require regular exercise to maintain reasonably good physical and psychological health." *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995) (quoting *Patterson v. Mintzes*, 717 F.2d 284 (6th Cir. 1983)). Resolving Craig's Eighth Amendment claim warrants a response from the Defendants. Because Craig is proceeding *in forma pauperis*, the United States Marshals Service will serve the summons and complaint on Craig's behalf. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Accordingly, and with the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. On the Court's initial screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, Craig's First Amendment claims set forth on his civil rights complaint form [**R. 1**] are **DISMISSED WITHOUT PREJUDICE** for Craig's failure to exhaust his administrative remedies;

2. Craig's Eighth Amendment claim set forth in his supplemental complaint [**R. 6**] may **PROCEED**;

3. A Deputy Clerk shall prepare two "Service Packets" for service upon the Defendants. The Service Packets shall include:

    a. a completed summons form;

    b. the complaint [**R. 1**] and supplemental complaint [**R. 6**];

    c. the order granting Craig pauper status;

    d. a copy of this order; and

    e. a completed USM Form 285;

4. The Deputy Clerk shall send the Service Packets to the United States Marshals Service ("USMS") in Lexington, Kentucky, and shall note the date of delivery in the docket;

5. The USMS shall personally serve the Service Packets upon Defendants Warden Kizziah and Captain W. Thompson at the United States Penitentiary—McCreary, 330 Federal Way, Pine Knot, Kentucky, 42635, through arrangement with the United States Penitentiary—McCreary;

6. Craig must immediately advise the Clerk's Office of any change to his current mailing address. Failure to do so may result in dismissal of this case; and

7. If Craig wishes to seek further relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Craig files must include a written certification that he has mailed a copy of it to the defendants or their counsel and must state the date of mailing. The Court may disregard letters sent directly to the judge's chambers or motions lacking a certificate of service.

This the 1st day of April, 2019.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY