UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| CORNELIUS KENYATTA CRAIG, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:19-cv-63-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| MR. KIZZIAH, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

*Pro se* plaintiff Cornelius Craig previously filed a civil rights complaint alleging various claims, most of which the Court dismissed upon screening. [R. 1; R. 8] Defendants Kizziah and Thompson then moved to dismiss Craig's surviving Eighth Amendment claim [*see* R. 22], and that matter is now ripe for the Court's review. The defendants argue this case should be dismissed because, among other reasons, Craig failed to fully exhaust his administrative remedies. *See id.* Failure to exhaust is an affirmative defense under the Prison Litigation Reform Act ("PLRA"). *See, e.g.*, *Jones v. Bock*, 549 U.S. 199 (2007).

In Craig's response to the defendants' motion to dismiss, Craig does not deny that he failed to fully exhaust his administrative remedies. Instead, relying on *Ross v. Blake*, 136 S. Ct. 1850 (2016), he claims the remedy process was "unavailable" to him and he thus is excused from the exhaustion requirement in this case. [R. 28]; *see also* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies *as are available* are exhausted.") (emphasis added).

The Supreme Court has articulated three circumstances "in which an administrative remedy, although officially on the books, is not capable of use to obtain relief" for purposes of

-1-

the PLRA. *Ross*, 136 S. Ct. at 1859. First, an administrative procedure is unavailable when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* Finally, a remedy is unavailable if prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860. Craig claims the first and third circumstance apply to his situation. [*See* R. 28 at pp. 2-3] The defendants—and ultimately the Court—disagree.

To begin, Craig claims the grievance process "would have simply served as an [sic] dead end cause" for him. *Id.* at p. 3. In *Ross v. Blake*, the Supreme Court articulated a "dead end" circumstance as one where prison officials were unable or unwilling to "provide *any* relief" to an inmate. *Ross*, 136 S. Ct. at 1859 (emphasis added). The Supreme Court further illustrated this circumstance by likening it to (1) a situation where a prison handbook directs inmates to submit grievances to a particular administrative office but, in practice, that office lacks the ability to consider grievance petitions; and (2) a situation where "administrative officials have apparent authority, but decline ever to exercise it." *Id.*

Craig has not alleged a personal circumstance that rises to the level of that described in *Ross*. Craig claims that when he questioned the defendants about their Special Housing Unit ("SHU") policies, he was told "that the policies in SHU would not change." [R. 28 at p. 3] But even if the defendants themselves were unwilling to provide Craig with any relief, Craig does not allege that the administrative process on the whole—particularly, administrative appeals to the Regional Director or the Central Office—would be futile. Nor does Craig claim that the administrative process could provide him with no relief at all, even if that relief did not come in

the form of changing SHU policy. Notably, where the administrative process is able "to take some action in response to a complaint"—even if the action is different than what the inmate initially demands—administrative remedies remain available for purposes of the PLRA. *Booth v. Churner*, 532 U.S. 731, 737–41 (2001). Put another way, the PLRA requires procedural exhaustion "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible." *Id.* at 739.

Moreover, an inmate's repeated use of the Bureau of Prison's administrative remedy procedures demonstrates the remedy process was not a dead end. *See, e.g.*, *Blissit v. Fiquiris*, 345 F. Supp. 3d 931, 940 (S.D. Oh. 2018) (finding that an inmate's own conduct in filing six administrative remedy requests proved he had access to available remedies and was capable of using them). Here, Craig filed thirteen administrative remedy requests or appeals during his tenure at USP-McCreary. [R. 22-1 at pp. 10–17] One of those requests addressed his desire for increased recreation in the SHU, and the Warden's response even granted Craig's request in part. *Id.* at pp. 18–19. This demonstrates that the administrative remedy process was not a dead end for Craig; instead, Craig simply chose not to avail himself of it—at least in a timely manner— with respect to the claims set forth in this civil action.[1]

Craig also invokes the third circumstance detailed in *Ross v. Blake,* which provides an exception for prisoners whose exhaustion efforts are thwarted by threats or misrepresentations. [R. 28 at p. 3] Whether an inmate fits within this third circumstance ordinarily depends on whether the prison officials' threats or other actions "would deter a person of ordinary firmness

---

[1] Craig did not file a request related to his Eighth Amendment recreation claim until August 2019, five months after he filed his complaint in this Court asserting that claim. [R. 22-1 at p. 18] The PLRA "makes exhaustion a precondition to filing an action in federal court . . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

from continuing with the grievance process." *Himmelreich v. Federal Bureau of Prisons*, 766 F.3d 576, 577 (6th Cir. 2014) (internal quotation marks and citations omitted).

Here, Craig states that "when prison official Lt. Asher retaliated against him for filing an [sic] complaint in this Court, it may be read that Defendants sought to thwart and or intimidate him from pursuing relief through the administrative remedies or by the Court." [R. 28 at p. 3] Craig goes on to claim that Lieutenant Asher "sought out to intimidate and harass him by calling him a 'snitch' in the presence of staff members as well as inmates housed in the SHU." *Id.* These allegations present a timing problem and therefore do not fit within the third *Ross* circumstance. Whether Lieutenant Asher retaliated against Craig for filing the complaint in this case has no bearing on Craig's ability to exhaust his administrative remedies, as Craig was required to pursue administrative relief *before* filing his complaint. *See, e.g.*, *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Instead, Craig's brief indicates that Asher "acted with vindictiveness" towards Craig because of this Court's prior orders in this case, not because Craig attempted to pursue administrative relief on the front end. [R. 28 at pp. 3–4] Therefore, the severity of the threats and retaliation ordinarily analyzed under *Himmelreich*, 766 F.3d at 577, is a non-issue. In any event, the Court notes that while Craig claims that "the Defendants sought to thwart and or intimidate him from pursuing relief through the administrative remedies," [R. 28 p. 3], Lieutenant Asher himself is not even a defendant to this case.

In the end, failure to exhaust is an affirmative defense under the PLRA and Craig was "not required to specially plead or demonstrate exhaustion in [his] complaint." *See Bock,* 549 U.S. at 216. Nevertheless, the defendants have now asserted their affirmative defense, and for the reasons stated above, Craig's argument that exhaustion was not required in his case is without merit. The Court finds Craig did, indeed, fail to fully exhaust his administrative

remedies with respect to the single remaining claim in this case. [*See* R. 8 at p. 3 (describing the lone Eighth Amendment claim to survive screening)] Accordingly, and with the Court being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** as follows:

1. The Defendants' Motion to Dismiss or in the Alternative for Summary Judgment [**R. 22**] is **GRANTED**;

2. Craig's pending claims are **DISMISSED WITHOUT PREJUDICE** for failure to fully exhaust administrative remedies; and

3. This matter is **CLOSED** and **STRICKEN** from the Court's active docket.

This the 6th day of November, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY